IN THE UNITED STATES DISTRICT COURT
DISTRICT OF KANSAS

**United States of America,**

      **Plaintiff,**

v.                                                                                    Case No. 11-40046-02-JWL

**Tiffany D. Woosley,**

      **Defendant.**

## MEMORANDUM & ORDER

This matter is before the court on Ms. Woosley's pro se motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2) in which Ms. Woosley asks the court to reduce her sentence based on Amendment 782 to the United States Sentencing Guidelines. Ms. Woosley also seeks appointment of counsel to assist her in "applying" her sentence to the new guidelines. The motion is dismissed to the extent Ms. Woosley seeks a sentence reduction and is denied as moot to the extent she requests appointment of counsel.

The court lacks the authority to revise Ms. Woosley's sentence based on Amendment 782. Federal courts, in general, lack jurisdiction to reduce a term of imprisonment once it has been imposed. *Freeman v. United States*, ––– U.S. ––––, 131 S. Ct. 2685, 2690 (2011). "A district court does not have inherent authority to modify a previously imposed sentence; it may do so only pursuant to statutory authorization." *United States v. Smartt*, 129 F.3d 539, 540 (10th Cir. 1997). Under limited circumstances, modification of a sentence is possible under 18 U.S.C. § 3582(c). That provision states that "a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission" may be eligible for a reduction, "if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). Ms. Woosley's sentence in this case was not "based on a sentencing range" but, instead, was based on a mandatory statutory minimum under 21 U.S.C. § § 841(b)(1)(A).  The court, then, has no jurisdiction to reduce Ms. Woosley's sentence.  Because Ms. Woosley remains subject to the mandatory minimum sentence of 10 years regardless of the application of Amendment 782, a reduction under § 3582(c)(2) is not authorized and Amendment 782 affords no relief to Ms. Woosley.  *See United States v. Woods*, ___ Fed. Appx. ___, 2015 WL 250647, at *1-2 (10th Cir. Jan. 21, 2015) (if a defendant is sentenced pursuant to a statutory mandatory minimum sentence provision, she is ineligible for a sentence reduction under § 3582(c)(2)).[1]

**IT IS THEREFORE ORDERED BY THE COURT THAT** Ms. Woosley's motion to reduce sentence and to appoint counsel (doc. 496) is dismissed in part and denied as moot in part.

**IT IS SO ORDERED.**

Dated this 16th day of April, 2015, at Kansas City, Kansas.

---

[1] Ms. Woosley asserts in her motion that she was sentenced to 180 months imprisonment.  While her total sentence is 180 months, the sentence she received in this case was the mandatory minimum sentence of 120 months.  She received a consecutive 60-month sentence in a separate case based on a violation of 18 U.S.C. § 922(g)(1).

                                                s/ John W. Lungstrum  
                                                John W. Lungstrum  
                                                United States District Judge